## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, LABOR-MANAGEMENT COOPERATION TRUST; and HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUND,<br>       Plaintiffs,<br><br>vs.<br><br>PROIA CONSTRUCTION, INC. and JOSEPH PROIA, Individually,<br>       Defendants. | C.A. No. |

---

## VERIFIED COMPLAINT FOR DELINQUENT
## FRINGE BENEFIT CONTRIBUTIONS

### NATURE OF ACTION

1.      This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act of 1974 ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of a collective bargaining agreement and the plans.

### JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Health and Welfare Fund.  The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and disability pay to participants.  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

4.      Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Pension Fund.  The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  It provides participants with a defined pension benefit.  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

5.      Plaintiff Gina M. Alongi is the Administrator of the International Union of Operating Engineers Local 4 Annuity and Savings Fund.  This Fund provides participant-directed individual accounts including a 401(k).  The International Union of Operating Engineers Local 4 Annuity and Savings Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Fund is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

6.      Plaintiff Gina M. Alongi is the Administrator of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund.  This Fund trains apprentices and journey workers on the construction industry.  The Hoisting and Portable Engineers Local 4 Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA,

29 U.S.C. §1002(1).  The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7.      Plaintiff Gina M. Alongi is the Administrator of the Joint Labor-Management Cooperation Trust.  This Trust is established pursuant to §302(c)(9) of the National Labor Relations Act, as amended, 29 U.S.C. §186(c)(9).  The Trust is administered at 16 Trotter Drive, Medway, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity and Savings, and Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are hereinafter collectively referred to as "the Funds."

9.      Defendant Proia Construction, Inc. ("Proia") is an entity that was formerly incorporated in Massachusetts but whose charter has been administratively dissolved by the Secretary of the Commonwealth.  A copy of the Secretary of the Commonwealth's Corporations Division Online Business Entity Summary, which was accessed online at https://www.corp.sec.state.ma.us on July 21, 2014, is attached hereto as Exhibit A.   Proia has a principal place of business at 121 Meetinghouse Circle, Needham, MA  02192, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10.     Defendant Joseph Proia is an individual who is, upon information and belief, the owner and president of Proia, a currently unincorporated entity.  Mr. Proia is also listed as the Resident Agent for Proia, with an address of 121 Meetinghouse Circle, Needham, MA  02192.  To the extent that he bears individual liability for any amounts owed by Proia to the Plaintiffs, he is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

## GENERAL ALLEGATIONS OF FACT

10.     On or about April 2, 2009, the Defendants agreed in writing to be bound to the

terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the

terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any

successor agreements.  A true and accurate copy of the Defendant's signed agreement ("Standard

Short Form Agreement") is attached hereto as Exhibit B.

11.     Because of the Short Form Agreement, the Defendants are a party to the current

collective bargaining agreement with the International Union of Operating Engineers Local 4,

which is effective from June 1, 2011 through May 31, 2014 ("the CBA").  A true and accurate

copy of the CBA is attached hereto as Exhibit C.

12.     The Defendants are also signatory to a separate agreement with the Union that

covers shop employees who are engaged in the delivery, fabrication, repair, and maintenance of

trucks and equipment ("Shop Agreement").  A true and accurate copy of the Shop Agreement is

attached hereto as Exhibit D.

13.     Both the CBA and Shop Agreement require the Defendants to make contributions

to Plaintiff Funds for each payroll hour for each person covered by the CBA and/or Shop

Agreement at rates prescribed by those agreements and to pay interest on late payments at the

rate of one (1%) percent per month.  Interest on late employee elective deferral payments to the

Annuity and Savings Fund are assessed in accordance with rules and regulations of the U.S.

Department of Labor.

14.     Pursuant to the CBA and Shop Agreement, employers are also obligated to deduct

from wages and remit a negotiated percentage of the gross wage package for Union dues.  If

employees so elect, the employer is also obligated to deduct money from wages and to pay that

amount to the Social Action Committee ("SAC"). If employees so elect, the employer is also obligated to withhold an amount from the employees' gross wages before any deduction for taxes for deposit in the Annuity and Savings 401(k) plan.

15.     Upon information and belief, the Defendants have performed work under the CBA and Shop Agreement but have failed to remit all of the contributions, dues and SAC deductions owed the Funds. Proia has failed to self-report its hours worked under the CBA and Shop Agreement for the months of April, May, and June 2014.

16.     Proia also owes interest totaling $230.58 as a result of earlier late-paid contributions, and will owe interest on the currently unpaid contributions at the aforementioned rate.

17.     Despite demand letters from counsel and telephone calls from the Funds' office, the outstanding contributions have not been paid to date.

18.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## <u>COUNT I - VIOLATION OF ERISA -<br>DELINQUENT CONTRIBUTIONS AND INTEREST</u>

19.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-18 <u>supra</u>.

20.     The failure of the Defendants to make contributions on behalf of all covered employees and to pay interest as required by the terms of the trust agreements and the collective bargaining agreements violates §515 of ERISA, 29 U.S.C. §1145.

21.     Absent an order from this Court, the Defendants will continue to refuse to pay the monies they owe to the Funds, and the Funds and their participants will be irreparably damaged.

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

22.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-21 <u>supra</u>.

23.     The failure of the Defendants to make contributions on behalf of all covered employees and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## COUNT III – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

24.     Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-23 <u>supra</u>.

25.     The failure of the Defendants to remit the dues and SAC contributions they deducted from their employees' wages as required by the terms of the collective bargaining agreement violates §301 of the LMRA, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a.     Order the attachment of the machinery, inventory, and accounts receivable of the Defendants;

b.     Order the attachment of real estate standing in the name of the Defendants;

c.     Enter a preliminary and permanent injunction enjoining Defendants from refusing or failing to make contributions or pay interest to Plaintiff Funds;

d.     Enter a preliminary and permanent injunction enjoining Defendants from refusing or failing to remit dues and SAC contributions;

e.     Enter judgment in favor of the Plaintiff Funds in the amount of $230.58 plus an as-yet unliquidated amount in contributions owed for the months of April, May, and June 2014,

together with the continued accrual of interest on the unpaid contributions at the rate of 1% per month per the collective bargaining agreement, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2), along with any further amounts that may come due during the pendency of this action; and

f.      Such further and other relief as this Court deems appropriate.

Respectfully submitted,

GINA M. ALONGI, as she is ADMINISTRATOR, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION, ANNUITY AND SAVINGS FUNDS, *et al.*,

By their attorney,

/s/Gregory A. Geiman
Gregory A. Geiman, Esq.
BBO #655207
I.U.O.E. Local 4 Trust Funds
16 Trotter Drive
Medway, MA  02053
(508) 533-1400 x140
ggeiman@local4funds.org

Dated:  July 21, 2014

## VERIFICATION

I, Gina M. Alongi, Administrator for the International Union of Operating Engineers Local 4 Trust Funds, verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 21st DAY OF JULY, 2014.

/s/Gina M. Alongi
Gina M. Alongi

7